## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LAFAYETTE WALKER,**

       **Plaintiff**

                           **CASE NO.**

      **v.**

**WALMART, INC., Foreign Profit Corporation,**

       **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff LAFAYETTE WALKER (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against WALMART, INC. (hereinafter referred as "WALMART" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); the Age Discrimination in Employment Act ("ADEA"); and the Florida Civil Rights Act ("FCRA") as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated

damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.      This is an action at law that raises a federal question under federal law.

2.      The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3.      The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4.      Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5.      Plaintiff was an employee of Defendant from approximately October 2016 to May 2020.

6.      Plaintiff was employed by Defendant in Altamonte Springs, Florida.

7.      Defendant is a Foreign for Profit Corporation which operates one or more stores in the Central Florida area, including the Altamonte Springs location where Plaintiff was employed.

8.    Defendant employs more than fifty (50) employees.

9.    Defendant employs more than fifty (50) employees within 75 miles of Sanford, Florida.

10.    Plaintiff was an "employee" as defined by the FMLA.

11.    Defendant is an "employer" as defined by the FMLA.

12.    Plaintiff was an "employee" as defined by the ADAAA.

13.    Defendant is an "employer" as defined by the ADAAA.

14.    Defendant is an "employer" as defined by the ADEA.

15.    Plaintiff was an "employee" as defined by the ADEA.

16.    As of the date of his termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

17.    As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## ADAAA STATUTORY PREREQUISITES

18.    At all times material hereto, Plaintiff suffered from lung cancer and/or long-term medical effects of lung cancer and chronic obstructive pulmonary disease "(COPD"), all disabling medical conditions under the ADAAA.

19.    Plaintiff was discriminated against based on his disability.

20.    Plaintiff is a member of a class of individuals protected by the ADAAA.

21.    The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

22.    Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

23.    At all times material to the allegations herein, Plaintiff was qualified for his Overnight Stocker position with Defendant.

24.    Plaintiff timely filed his Charge of Discrimination with the EEOC on January 7, 2021.

25.    The EEOC issued a Dismissal and Notice of Rights on July 21, 2021.

26.    Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his  right-to-sue letter.

27.    Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## ADEA STATUTORY PREREQUISITES

28.     Plaintiff is sixty-eight years of age.

29.    Plaintiff was discriminated against based on his age.

30.    Plaintiff is a member of a class of individuals protected by the

ADEA.

31.     The Defendant meets the statutory criteria for coverage as an "employer" under the ADEA.

32.     Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADEA.

33.     At all times material to the allegations herein, Plaintiff was qualified for his Overnight Stocker position with Defendant.

34.     Plaintiff timely filed his Charge of Discrimination with the EEOC on January 7, 2021.

35.     The EEOC issued a Dismissal and Notice of Rights on July 21, 2021.

36.     Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his  right-to-sue letter.

37.     Plaintiff has complied with all other ADEA requirements and all prerequisites prior to bringing this lawsuit.

## **FACTUAL ALLEGATIONS**

38.     Plaintiff began his employment with Defendant on or about October 2016, as an Overnight Stocker and remained in that position until his termination.

39.      At all times material, Plaintiff performed well while working for Defendant.

40.    Upon information and belief, Defendant has an attendance policy that results in discipline and/or termination of employees if they exceed a certain number of absences/occurrences.

41.    At all times material hereto, Plaintiff suffered from lung cancer and/or long-term medical effects of lung cancer, chronic obstructive pulmonary disease "(COPD"), all disabling medical conditions under the ADAAA.

42.    As it applies to Plaintiff, the damage caused to his lungs as result of his cancer history and the exacerbations of COPD, caused him great difficulty breathing.

43.    At times, prescription medication offered no relief of Plaintiff's medical conditions and ongoing symptoms.

44.    Therefore, only additional treatment, including but not limited to hospitalization, helps stabilize his condition.

45.    In or around May 2020, Plaintiff was hospitalized for four (4) days due to ongoing medical effects from lung cancer and complications with COPD.

46.    Shortly upon his return to work, Plaintiff was terminated because he had accrued more than the maximum number of attendance occurrences allowed by Walmart's Attendance and Punctuality Policy.

47.    Plaintiff notified his supervisors about his medical conditions.

48.     Plaintiff provided Defendant with proof that he had been absent in May 2020 due to being hospitalized.

49.     Additionally, prior to May 2020, Defendant instated the Attendance Accountability Restart Policy.

50.     This policy specifically stated that "Any absences between March 7th and October 1st (2020), are not considered an occurrence."

51.     Based on Defendant's policy, the absences or "occurrences" due to Plaintiff's hospitalization should not have been held against Plaintiff for purposes of any discipline and/or of termination.

52.     Plaintiff had been an employee in good standing until the end of his employment.

53.     Defendant refused to accommodate Plaintiff.

54.     At the time of his termination, Plaintiff was qualified for his position.

55.     Additionally, at the time of his termination, Plaintiff was able to perform the essential functions of his job, with or without accommodation.

56.     At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties or on absenteeism.

57.     At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

58.     At the time of his termination, Plaintiff was eligible for FMLA leave.

59.     Plaintiff's notice for his need for FMLA leave was timely.

60.     Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet, failed to properly advise Plaintiff of his rights under the FMLA.

61.     Defendant's actions constitute interference with Plaintiff's rights under FMLA.

62.     Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

63.     Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

64.     Plaintiff was treated differently than similarly situated non-disabled employees.

65.     Defendant discriminated against Plaintiff for taking necessary time off due to his disability.

66.     Defendant terminated Plaintiff in retaliation for taking necessary time off due to his disability.

67.     Also, Plaintiff was the oldest employee in his department at the location where he was employed.

68.     At all times material and upon information and belief, similarly situated employees in Plaintiff's department were all between 20 and 39 years of age.

69.     After his termination, Plaintiff learned that a younger employee who was terminated at the same time Plaintiff also for allegedly exceeding Walmart's Attendance and Punctuality Policy, was rehired within 2 weeks.

70.     Plaintiff was not rehired by Defendant.

71.     Defendant discriminated against Plaintiff because of his age.

## COUNT I
## INTERFERENCE UNDER THE FMLA

72.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-11; 16 -17, and 38-63 above as if fully set forth herein.

73.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

74.     Defendant was Plaintiff's employer as defined by the FMLA.

75.     Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

76.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

77.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

78.     Defendant's violations of the FMLA were willful.

79.     Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Injunctive relief;

f.     Prejudgment interest;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

80.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-11; 16-17; and 38-63 above as if fully set forth herein.

81.   Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

82.   Defendant was Plaintiff's employer as defined by the FMLA.

83.   Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

84.   Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

85.   Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

86.   Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

87.   Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

88.   Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

89.   As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

90.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

91.     Defendant's violations of the FMLA were willful.

92.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

93.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 12-13; 18-27; 38-56; and 64-66 above as if fully set forth herein.

94.     Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

95.     Plaintiff was discriminated against by the Defendant due to his disability in violation of Federal law.

96.      Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

97.     Defendant denied Plaintiff reasonable accommodation as required by Federal law.

98.     Plaintiff is protected by the ADAAA:

   a.     Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

   b.     Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

99.     Defendant   was   at   all   material   times   an   "employer"   as envisioned and defined by the ADAAA.

100.    Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

101.    Defendant's   actions   unquestionably   constitute   disability discrimination in violation of the ADAAA, as amended.

102.   By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

103.   Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

104. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

105. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

106.   Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

107.   Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADA.

108.   Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

109.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

110.   The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

111.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

112.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

113.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE ADAAA

114.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 12-13; 18-27; 38-56; and 64-66 above as if fully set forth herein.

115.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

116.    Plaintiff was retaliated against by the Defendant due to his disability in violation of Federal law.

117.     Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

118.    Defendant denied Plaintiff reasonable accommodation as required by Federal law.

119.    Defendant terminated Plaintiff because he took necessary time off while hospitalized due to his disability.

120.    Defendant terminated Plaintiff in violation of the ADAAA.

121.    Plaintiff is protected by the ADAAA:

a.      Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived

disability" by Defendant; and

> b.    Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

122.  Defendant  was  at  all  material  times  an  "employer"  as envisioned and defined by the ADAAA.

123.  Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

124.  Defendant's  actions  unquestionably  constitute  retaliation  in violation of the ADAAA, as amended.

125.  By reason of the foregoing, Defendant's actions, and non-actions, affected  the  "terms,  conditions  or  privileges"  of  Plaintiff's  employment  as envisioned by the ADAAA.

126.  Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

127.  Pleading  in  the  alternative,  Plaintiff's  impairment  did  not substantially limit a major life activity but was treated by Defendant as if it did.

128.  Pleading  in  the  alternative,  Plaintiff's  medical  condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

129. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

130. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADA.

131. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

132. The retaliation to which Plaintiff was subjected was based on his disability and/or "perceived disability."

133. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

134. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

135. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.       Back pay and benefits;

b.       Interest on back pay and benefits;

c.       Front pay and benefits;

d.       Compensatory damages for emotional pain and suffering;

e.       Injunctive relief;

f.       Prejudgment interest;

g.       Costs and attorney's fees; and

h.       Such other relief as the Court may deem just and proper.

## COUNT V
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

136.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 14-15; 28-37; 38-40; and 67-71 above as if fully set forth herein.

137.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

138.   Plaintiff is sixty- years of age and a member of a protected class.

139.   Plaintiff was qualified for his current position because he had performed in that position for a substantial period of time.

140.   Plaintiff was subjected to the adverse employment action of being terminated.

141.   Plaintiff was treated less favorable than younger, similarly situated employees.

142.   Defendant discriminated against Plaintiff because of his age.

143.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of his age.

144.   The discrimination to which Plaintiff was subjected was based on his age.

145.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

146.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

147.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

148.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

149.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

## COUNT VI
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

150.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 14-15; 28-37; 38-40; and 67-71 above as if fully set forth herein.

151.   Plaintiff is sixty- years of age and a member of a protected class.

152.   Plaintiff was qualified for his current position because he had performed in that position for a substantial period of time.

153.  Plaintiff was subjected to the adverse employment action of being terminated.

154.  Plaintiff was treated less favorable than younger, similarly situated employees.

155.  Defendant discriminated against Plaintiff because of his age.

156.  The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADEA because it treated Plaintiff less favorably because of his age.

157.  The discrimination to which Plaintiff was subjected was based on his age.

158.  Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

159.  The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

160.  The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

161.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADEA.

162.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 8th day of October 2021.

*/s/ Anthony J. Hall*
**ANTHONY J. HALL, ESQ.**
Fla. Bar No. 40924
**THE LEACH FIRM**

631 S. Orlando Ave., Ste. 300
Winter Park, FL 32789
Tel: 407-574-4999
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

***Counsel for Plaintiff***